1  Donald L. Samuels (CA State Bar No. 126287)
2  *donald.samuels@bryancave.com*
   BRYAN CAVE LLP
3  120 Broadway, Suite 300
4  Santa Monica, CA 90401-2386
   Telephone: (310) 576-2100
5  Facsimile: (310) 576-2200

6  Katherine Keating (CA State Bar No. 217908)
7  *katherine.keating@bryancave.com*
   BRYAN CAVE LLP
8  560 Mission Street, 25th Floor
9  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
10 Facsimile: (415) 268-1999

11 Attorneys for Plaintiff
   CITY OF BEVERLY HILLS
12

13               UNITED STATES DISTRICT COURT
14               CENTRAL DISTRICT OF CALIFORNIA
15               WESTERN DIVISION – LOS ANGELES

16                    CV14-4618  *MRW*

17 CITY OF BEVERLY HILLS,              Case No.

18            Plaintiff,              **COMPLAINT FOR FEDERAL
                                      UNFAIR COMPETITION AND**
19      v.                           **FALSE DESIGNATION OF
                                      ORIGIN; FEDERAL TRADEMARK**
20 ROBERT BERRY, DBA BLACK            **INFRINGEMENT; CALIFORNIA**
   BEVERLY HILLS,                     **TRADEMARK DILUTION; AND
                                      FEDERAL TRADEMARK**
21            Defendant.             **DILUTION**

22

23      Plaintiff City of Beverly Hills (the "City" or "Plaintiff") brings this Complaint

24 against defendant Robert Berry, dba Black Beverly Hills ("Berry" or "Defendant")

25 for injunctive relief and damages and alleges as follows:

26

27

28

FILED
CLERK, U.S. DISTRICT COURT
JUN 1 6 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

## NATURE OF THE ACTION

1. This Action arises from Defendant's commercial exploitation of the City of Beverly Hills' iconic shield mark and his refusal to stop doing so despite the City's ongoing attempts to persuade him to voluntarily cease and desist. For over forty years, the City of Beverly Hills has sold goods and offered services under several variations of its shield mark. Defendant operates a business selling t-shirts, sweatshirts, and caps under a virtually identical shield mark. The City has requested, in writing, that Defendant cease his use of the shield mark, but he has repeatedly refused to do so, leaving the City no alternative to protect its rights other than filing this lawsuit.

2. The Action is for unfair competition and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); infringement of a federally registered trademark under the Lanham Act (15 U.S.C. § 1114); trademark dilution under California law (Bus. & Prof. Code § 14247); and trademark dilution under the Lanham Act (15 U.S.C. § 1125(c)).

## PARTIES

3. The City of Beverly Hills is a municipal corporation formed under and pursuant to the laws of the State of California, with its principal place of business located in Los Angeles, California.

4. The City is informed and believes, and on that basis alleges, that Robert Berry is an individual residing in Los Angeles, and doing business as Black Beverly Hills, with its principal place of business located in Los Angeles, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, in that this case arises under the federal Lanham Act, 15 U.S.C. §§ 1051 *et. seq.* This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims arising under state law, as such claims are so related

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.   This Court has personal jurisdiction over Defendant by virtue of Defendant's transacting business in this District.

7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering goods and services to consumers located within this District.

<div align="center">

**GENERAL ALLEGATIONS**

**<u>The City of Beverly Hills and its Shield Mark</u>**

</div>

8.   For more than forty years, the City has offered goods and services under several variations of its iconic Beverly Hills shield design mark depicted below (the "Shield Mark"):



9.   Through the City's decades of promotion of the Shield Mark in connection with a wide variety of goods and services, the Shield Mark has developed tremendous goodwill and has become famous throughout the United States and beyond.

10.   The Shield Mark is inherently distinctive and has acquired further distinctiveness through the City's prominent use for more than forty years.

11.   Through its continuous use of the Shield Mark in connection with the City's goods and services, the City has acquired strong common law rights in the Shield Mark.

<div style="writing-mode: vertical">560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105</div>

12.     The City has used the Shield Mark with clothing, including t-shirts and caps, since at least as early as 1986.  The City has used the Shield Mark with online retail store services featuring headwear and clothing since at least as early as 2007.

13.     The City owns numerous federal trademark registrations for its Shield Mark, including Registration No. 2,677,651 in connection with "clothing, namely, shirts, hats, polo shirts, and t-shirts"; Registration No. 3,948,468 in connection with "clothing, namely, shirts, hats, polo shirts, oxford shirts, and t-shirts"; Registration No. 3,948,469 in connection with "clothing, namely, shirts, hats, and polo shirts"; Registration No. 3,843,763 in connection with "online retail store services featuring … headwear and clothing"; and Registration No. 3,843,764 in connection with "online retail store services featuring … headwear and clothing."  Copies of these registration certificates are attached as Exhibit A and incorporated herein by this reference.

14.     Registration No. 2,677,651 has achieved incontestable status.

15.     Registration certificates for the City's Shield Mark federal registrations in connection with other goods and services are attached as Exhibit B and incorporated herein by this reference.

16.     Protecting the ability of the Shield Mark to continue representing to consumers both the quality and source of products and services originating from the City is of paramount importance to the City.

### Defendant's Willful Infringement of the Shield Mark

17.     Berry operates a business under the name "Black Beverly Hills," through which he sells t-shirts, sweatshirts, and caps.  These items can be ordered through Berry's "Black Beverly Hills" web site at www.blackbh.com.

18.     Berry has adopted and uses the design mark shown below (the "BBH Shield Logo") as a trademark for his business:

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

COMPLAINT



19.    The BBH Shield Logo appears prominently on the "Black Beverly Hills" web site, as shown in the web site print-outs attached as Exhibit C and incorporated herein by this reference.

20.    Berry also sells t-shirts that feature the BBH Shield Logo, as shown below:





BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

21.     The City is informed and believes, and on that basis alleges, that Berry was aware of the City and its rights in the Shield Mark when he adopted the BBH Shield Logo.

22.     The City is informed and believes, and on that basis alleges, that Berry adopted the BBH Shield Logo in a deliberate attempt to trade on the valuable goodwill and reputation of the Shield Mark earned by the City through decades of providing high quality goods and services.

23.     Berry's use of BBH Shield Logo is creating and/or is likely to create confusion, mistake, and/or deception as to the origin, sponsorship, or affiliation of Berry's merchandise.

24.     Berry's use of the BBH Shield Logo in connection with his goods and services is likely to cause the public to erroneously believe that the goods and services offered by Berry emanate or originate from, or are sponsored or endorsed by, the City.

25.     Confusion caused by Berry's use of the BBH Shield Logo has caused and/or is likely to cause irreparable harm to the City and the valuable reputation it has developed through decades of providing goods and services under its Shield Mark.

26.     The City is informed and believes, and on that basis alleges, that Berry has been unjustly enriched by and has unfairly benefited and profited from the City's reputation and the goodwill symbolized by the Shield Mark.

27.     Berry's use of the BBH Shield Logo weakens and dilutes the distinctive quality of the Shield Mark.

28.     The injuries and damages sustained by the City have been directly and proximately caused by Berry's wrongful advertisement, promotion, sale, and offer of goods and services under the BBH Shield Logo.

29.     The City is informed and believes, and on that basis alleges, that Berry's wrongful acts will continue unless enjoined by the Court.  Indeed, the City

560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

has made numerous attempts to resolve this matter without litigation.  On September 20, 2013, the City wrote to Berry, describing the City's trademark rights in its Shield Mark, explaining why Berry's use of the BBH Shield Logo to sell merchandise is likely to cause confusion and dilute the distinctiveness of the City's Shield Mark, and asking Berry to stop using the BBH Shield Logo.  On October 30, Berry responded, through counsel, in a letter informing the City that Berry considered its claims to be "entirely without merit" and refusing to stop using the BBH Shield Logo.  On December 11, the City wrote to Berry's attorney, again setting out the basis for its objection to Berry's use of the BBH Shield Logo and again asking Berry to stop using the BBH Shield Logo.  On December 26, Berry responded in a letter from his attorney that did not address the City's legal arguments and instead offered examples of cultural references to the phrase "Black Beverly Hills," asserting that it was "insulting" for the City to suggest that there could be a likelihood of confusion between the City's Shield Mark and the BBH Shield Logo.  In a final attempt to resolve the matter outside of court, the City wrote to Berry's attorney on February 13, clarifying that the City did not object to Berry's use of the phrase "Black Beverly Hills" standing on its own but rather objected only to Berry's use of a logo virtually identical to the City's Shield Mark to sell merchandise.  The City again asked Berry to stop using the BBH Shield Logo and explained that if Berry continued to refuse, the City would be forced to resort to litigation.  Although the February 13 letter from the City appears to have reached Berry's attorney via e-mail, the confirmation copy of the letter sent to Berry's attorney via the U.S. Postal Service was returned on February 26 as undeliverable.  To give Berry the fullest opportunity to resolve the matter without litigation, the City re-sent the letter on February 27, both by Federal Express and e-mail.  The City filed this Complaint after Berry nevertheless persisted in using the BBH Shield Logo.  A copy of the correspondence between the City and Berry is attached as Exhibit D and incorporated herein by this reference.

30.    The City has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the above acts.

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

31.    The City realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

32.    Berry's use of the BBH Shield Logo in connection with the sale, offering for sale, provision, and advertising of apparel is a false designation of origin; is a false representation; wrongfully and falsely designates the origin of Berry's goods and services as originating from or being associated or affiliated with the City; and is a false description or representation in interstate commerce in violation of 15 U.S.C. § 1125(a).

33.    Berry's use of the BBH Shield Logo in connection with his goods and services is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, endorsement, sponsorship or association of Berry's goods and services with the City's goods and services.

34.    Berry has acted willfully and intentionally in using the BBH Shield Logo.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35.    As a result of Berry's infringement, the City has suffered damages, as well as the continuing loss of goodwill established in the Shield Mark.  The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which the City has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)

36.    The City realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

37.     Use of the BBH Shield Logo in connection with Berry's goods and services is likely to cause confusion, mistake, or deception as to the affiliation with or sponsorship of Berry's goods and services by the City, in violation of 15 U.S.C. § 1114.

38.     Berry has engaged in the aforementioned activity with the intent to confuse and deceive the public into believing that Berry, his services, and the goods he sells are sanctioned, approved, or authorized by the City and that Berry is authorized and entitled to use the Shield Mark when in fact Berry is not so authorized.

39.     Berry's actions constitute knowing, deliberate, and willful infringement of the City's federally registered marks.  The knowing and intentional nature of the acts set forth in this Complaint renders this an exceptional case under 15 U.S.C. § 1117(a).

40.     As a result of Berry's infringement, the City has suffered damages, as well as the continuing loss of goodwill established in the Shield Mark.  The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which the City has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (California Trademark Dilution in Violation of Bus. & Prof. Code § 14247)

41.     The City realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

42.     The Shield Mark is famous and distinctive and entitled to protection against dilution under Business and Professions Code § 14247.

43.     The Shield Mark is widely recognized by the general consuming public of Beverly Hills, of Los Angeles County, and of the state of California as a designation of source of the City's goods and services.

44.     Berry's use of the BBH Shield Logo has diluted or is likely to dilute the distinctive quality of the Shield Mark and the goodwill represented thereby by

COMPLAINT

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

lessening the capacity of the Shield Mark to identify and distinguish the City's goods and services and by causing the Shield Mark to be associated with goods and services not made, sponsored, endorsed, or approved by the City, in violation of Business and Professions Code § 14247.

45.     Berry began using the BBH Shield Logo in commerce after the Shield Mark became famous.

46.     Berry willfully intended to cause dilution of the City's Shield Mark, entitling the City to damages, destruction of infringing articles, and other relief, pursuant to Business and Professions Code § 14250.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

47.     The City realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

48.     The Shield Mark is famous and distinctive and entitled to protection against dilution by blurring or tarnishment under 15 U.S.C. § 1125(c).

49.     Berry's use of the BBH Shield Logo has diluted or is likely to dilute the distinctive quality of the Shield Mark and the goodwill represented thereby by lessening the capacity of the Shield Mark to identify and distinguish the City's goods and services and by causing the Shield Mark to be associated with goods and services not made, sponsored, endorsed, or approved by the City, in violation of 15 U.S.C. § 1125(c).

50.     Berry began using the BBH Shield Logo in commerce after the Shield Mark became famous and after October 6, 2006.

51.     Pursuant to 15 U.S.C. § 1125(c)(1), the City is entitled to injunctive relief, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

52.     Berry willfully intended to trade on the reputation of the Shield Mark, entitling the City to damages, destruction of infringing articles, and other relief, pursuant to 15 U.S.C. §§ 1117(a),  1118, and 1125(c)(5).

53.     Berry's actions constitute knowing, deliberate, and willful dilution of the City's federally registered Shield Mark.  The knowing and intentional nature of the acts set forth in this Complaint renders this an exceptional case under 15 U.S.C. § 1117(a).

## PRAYER

WHEREFORE, the City of Beverly Hills prays for judgment in its favor and against Defendant as follows:

1.     A judgment that Defendant has infringed and diluted the City's Shield Mark;

2.     A preliminary and permanent injunction enjoining Defendant and his agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, and any person having knowledge of such injunction, from:

a.     using any reproduction, counterfeit, copy, or colorable imitation of the City's Shield Mark in connection with selling goods or rendering services not authorized by the City;

b.     engaging in any course of conduct likely to cause confusion, deception or mistake, to weaken the distinctive quality of the City's Shield Mark, or to injure or diminish the goodwill of the City's Shield Mark;

c.     further infringing the City's Shield Mark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods or services not authorized by the City that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the City's Shield Mark;

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

    d.    using any simulation, reproduction, counterfeit, copy or colorable imitation of the City's Shield Mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized goods or services in such fashion as to relate or connect, or tend to relate or connect, such goods or services in any way to the City, or to any services offered, sponsored, or approved by or connected with the City;

    e.    engaging in any conduct constituting an infringement of the City's Shield Mark, of the City's rights in, or to use or to exploit its Shield Mark, or constituting any weakening of the City's Shield Mark or the goodwill symbolized therein;

    f.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e);

3.    An order that Berry be required to deliver to the City all unauthorized materials bearing the BBH Shield Logo in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118;

4.    An order directing that this Court retain jurisdiction of this action for the purpose of enabling the City to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

5.    An Order directing Berry to file with this Court and serve on the City's counsel within 30 days after service of an injunction a report under oath setting forth in detail the manner and form in which Berry has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

6.    A judgment awarding the City all damages adequate to compensate for Berry's infringement and dilution of the City's Shield Mark;

7.      Actual damages suffered by the City as a result of Berry's unlawful conduct, in an amount to be proven at trial;

8.      An accounting of Berry's profits pursuant to 15 U.S.C. § 1117;

9.      A judgment trebling any damages awarded pursuant to 15 U.S.C. § 1117;

10.     Restitution for Berry's unjust enrichment as a result of the conduct complained of herein, including disgorgement of wrongfully obtained profits and any other appropriate relief;

11.     Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

12.     Costs of suit and reasonable attorneys' fees as provided by law; and

13.     Any other remedy to which the City may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Business and Professions Code §§ 14247 and 14250,  and any other federal or California law.


Dated:  June 16, 2014.                    BRYAN CAVE LLP

                                          By: _____
                                              Katherine Keating
                                              Donald L. Samuels
                                              Attorneys for Plaintiff
                                              CITY OF BEVERLY HILLS

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**Reg. No. 2,677,651**

## United States Patent and Trademark Office

Registered Jan. 21, 2003

### TRADEMARK
#### PRINCIPAL REGISTER



BEVERLY HILLS CHAMBER OF COMMERCE AND CIVIC ASSOCIATION (CALIFORNIA CORPORATION)
239 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CA 90212

FOR: CLOTHING, NAMELY, SWEAT SHIRTS, SHIRTS, JACKETS, SHORTS, SWEAT PANTS, SWEAT SUITS, SOCKS, HATS, FOOTWEAR, POLO SHIRTS, PARKAS, PONCHOS AND T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-30-1986; IN COMMERCE 11-30-1986.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-387,617, FILED 3-22-2002.

TANYA AMOS, EXAMINING ATTORNEY

**EXHIBIT A PAGE 15**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,948,468**

**Registered Apr. 19, 2011**

**Int. Cls.: 14, 18, and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
455 N. REXFORD DRIVE, SUITE 220
LOS ANGELES, CA 90071

FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

FOR: GOODS MADE OF LEATHER, NAMELY, KEY-CHAINS, MESSENGER BAGS, BUSI-NESS-CARD CASES, TOTE BAGS, HAND BAGS, PURSES, BOOK BAGS, SCHOOL BAGS, CARRY-ON BAGS, SHOULDER BAGS, CREDIT CARD CASES, AND ALL-PURPOSE CAR-RYING BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 7-31-2008; IN COMMERCE 7-31-2008.

FOR: CLOTHING, NAMELY, SHIRTS, HATS, POLO SHIRTS, OXFORD SHIRTS, AND T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-31-2008; IN COMMERCE 7-31-2008.

OWNER OF U.S. REG. NOS. 2,677,651, 2,768,789, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED SHIELD WITH THE STACKED WORDING "BEVERLY HILLS" WITHIN THE SHIELD.

SN 77-771,828, FILED 6-30-2009.

PAULA MAHONEY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT A PAGE 16**

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,948,469**

**Registered Apr. 19, 2011**

CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
455 N. REXFORD DRIVE, SUITE 220
BEVERLY HILLS, CA 90210

**Int. Cl.: 25**

FOR: CLOTHING, NAMELY, SHIRTS, HATS, AND POLO SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 9-30-2007; IN COMMERCE 9-30-2007.

**PRINCIPAL REGISTER**

OWNER OF U.S. REG. NOS. 2,677,651, 2,768,789, AND OTHERS.

THE COLOR(S) BLUE AND YELLOW IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A DARK BLUE SHIELD WITH A YELLOW INTERNAL BORDER AND A LIGHTER BLUE REGION ON THE UPPER LEFT PORTION OF THE SHIELD. THE WORDING IS IN YELLOW LETTERING INSIDE THE INTERNAL BORDER.

SN 77-771,841, FILED 6-30-2009.

PAULA MAHONEY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT A PAGE 17**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,843,763**

**Registered Sep. 7, 2010**

**Int. Cls.: 6, 9, 16, 21, 35, 38, 39, 41 and 45**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**



*David J. Kappos*

Director of the United States Patent and Trademark Office

CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
455 N. REXFORD DRIVE, SUITE 220
BEVERLY HILLS, CA 90210

FOR: METAL GOODS, NAMELY, METAL KEY CHAINS, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: WIRELESS EXTERNAL COMPUTER STORAGE DEVICES, NAMELY, BLANK USB FLASH DRIVES; LAPTOP BAGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: NOTEBOOKS; LOOSE-LEAF DIARIES AND AGENDA BOOKS; WRITING INSTRUMENTS, NAMELY, BALL-POINT PENS AND ROLLER-BALL PENS, PENS AND KEY CHAIN FOBS SOLD AS A SET, DIRECTORIES FEATURING LISTS OF MEMBERS AND REFERENCE INFORMATION; BOOKS AND PAMPHLETS FEATURING BUSINESS INFORMATION AND BUSINESS PRACTICES; PRINTED MATERIALS, NAMELY, PAMPHLETS FEATURING INFORMATION ON RESIDENCES, SHOPPING, DINING AND PERSONAL CARE SERVICES, MAPS, CALENDARS, STATIONERY, STATIONERY NOTES CONTAINING ADHESIVE ON ONE SIDE FOR ATTACHMENT TO SURFACES AND POSTCARDS; DOCUMENT PORTFOLIOS; PASSPORT CASES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: BEVERAGE CONTAINERS, NAMELY, COFFEE MUGS, TRAVEL MUGS, GLASS WATER BOTTLES SOLD EMPTY AND PLASTIC WATER BOTTLES SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: ONLINE RETAIL STORE SERVICES FEATURING GENERAL MERCHANDISE INCLUDING BUSINESS ACCESSORIES AND GIFT SETS, LEATHER GOODS, NOTEBOOKS, KEY-CHAINS, WIRELESS EXTERNAL COMPUTER STORAGE DEVICES, WRITING INSTRUMENTS, DIARIES, AGENDA BOOKS, DOCUMENT PORTFOLIOS, STATIONERY, LAPTOP BAGS, MESSENGER BAGS, BUSINESS-CARD CASES, BEVERAGE CONTAINERS,

**EXHIBIT A PAGE 18**

**Reg. No. 3,843,763** HEADWEAR AND CLOTHING; PROMOTING THE BUSINESS, COMMUNITY, CULTURAL, MUNICIPAL AND CIVIC INTERESTS OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROMOTING TOURISM, BUSINESS, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT, CULTURAL AND ENTERTAINMENT ATTRACTIONS, AND GOVERNMENT SERVICES OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROVIDING BUSINESS INFORMATION SERVICES AND PROVIDING INFORMATION IN THE FIELD OF COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT AND EMPLOYMENT OPPORTUNITIES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: CABLE TELEVISION BROADCASTING, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: PROVIDING TRAVEL AND TOUR INFORMATION SERVICES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: EDUCATION AND ENTERTAINMENT SERVICES, NAMELY, ORGANIZING AND CONDUCTING COMMUNITY CULTURAL, RECREATIONAL, AND SAFETY-PREPAREDNESS EVENTS; EDUCATIONAL CLASSES AND EVENTS FOR ADULTS AND YOUTHS IN THE FIELDS OF ART, DANCE, MUSIC, FINE ARTS, FOREIGN LANGUAGE, COPING WITH DISABILITIES, ATHLETICS, HOMEMAKING, COMPUTERS, LEISURE ACTIVITIES, PERSONAL DEVELOPMENT, GOVERNMENT, POLITICS, AND SCIENCE; AND PROVIDING COMMUNITY INFORMATION ABOUT COMMUNITY, CULTURAL, AND CIVIC EVENTS, EDUCATION SERVICES AND ENTERTAINMENT ATTRACTIONS VIA THE COMPUTER OR COMPUTER NETWORKS; CABLE TELEVISION PROGRAMMING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: PROVIDING LEGAL INFORMATION IN RELATION TO GOVERNMENT SERVICES AND MUNICIPAL REGULATIONS VIA A GLOBAL COMPUTER NETWORK, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

OWNER OF U.S. REG. NOS. 2,677,651, 2,768,789 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED SHIELD WITH THE STACKED WORDING "BEVERLY HILLS" WITHIN THE SHIELD.

SER. NO. 77-771,835, FILED 6-30-2009.

PAULA MAHONEY, EXAMINING ATTORNEY

**EXHIBIT A PAGE 19**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,843,764**

**Registered Sep. 7, 2010**

**Int. Cls.: 16, 35, 38, 39, 41 and 45**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**



*David J. Kappos*

Director of the United States Patent and Trademark Office

CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
455 N. REXFORD DRIVE, SUITE 220
BEVERLY HILLS, CA 90210

FOR: BOOKS AND PAMPHLETS FEATURING BUSINESS INFORMATION AND BUSINESS PRACTICES; PRINTED MATERIALS, NAMELY, PAMPHLETS FEATURING INFORMATION ON RESIDENCES, SHOPPING, DINING AND PERSONAL CARE SERVICES AND MAPS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: ONLINE RETAIL STORE SERVICES FEATURING GENERAL MERCHANDISE INCLUDING BUSINESS ACCESSORIES AND GIFT SETS, LEATHER GOODS, NOTEBOOKS, KEY-CHAINS, WIRELESS EXTERNAL COMPUTER STORAGE DEVICES, WRITING INSTRUMENTS, DIARIES, AGENDA BOOKS, DOCUMENT PORTFOLIOS, STATIONERY, LAPTOP BAGS, MESSENGER BAGS, BUSINESS-CARD CASES, BEVERAGE CONTAINERS, HEADWEAR AND CLOTHING; PROMOTING THE BUSINESS, COMMUNITY, CULTURAL, MUNICIPAL AND CIVIC INTERESTS OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROMOTING TOURISM, BUSINESS, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT, CULTURAL AND ENTERTAINMENT ATTRACTIONS, AND GOVERNMENT SERVICES OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROVIDING BUSINESS INFORMATION SERVICES AND PROVIDING INFORMATION IN THE FIELD OF COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT AND EMPLOYMENT OPPORTUNITIES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: CABLE TELEVISION BROADCASTING, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: PROVIDING TRAVEL AND TOUR INFORMATION SERVICES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

**Reg. No. 3,843,764**  FOR: EDUCATION AND ENTERTAINMENT SERVICES, NAMELY, ORGANIZING AND CONDUCTING COMMUNITY CULTURAL, RECREATIONAL, AND SAFETY-PREPARED-NESS EVENTS; EDUCATIONAL CLASSES AND EVENTS FOR ADULTS AND YOUTHS IN THE FIELDS OF ART, DANCE, MUSIC, FINE ARTS, FOREIGN LANGUAGE, COPING WITH DISABILITIES, ATHLETICS, HOMEMAKING, COMPUTERS, LEISURE ACTIVITIES, PER-SONAL DEVELOPMENT, GOVERNMENT, POLITICS, AND SCIENCE; AND PROVIDING COMMUNITY INFORMATION ABOUT COMMUNITY, CULTURAL, AND CIVIC EVENTS, EDUCATION SERVICES AND ENTERTAINMENT ATTRACTIONS VIA THE COMPUTER OR COMPUTER NETWORKS; CABLE TELEVISION PROGRAMMING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

FOR: PROVIDING LEGAL INFORMATION IN RELATION TO GOVERNMENT SERVICES AND MUNICIPAL REGULATIONS VIA A GLOBAL COMPUTER NETWORK, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 9-1-2007; IN COMMERCE 9-1-2007.

OWNER OF U.S. REG. NOS. 2,677,651, 2,768,789 AND OTHERS.

THE COLOR(S) BLUE AND YELLOW IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A DARK BLUE STYLIZED SHIELD WITH A YELLOW INTERNAL BORDER AND A LIGHTER BLUE REGION ON THE UPPER LEFT PORTION OF THE SHIELD. THE STACKED WORDING "BEVERLY HILLS" IS IN YELLOW INSIDE THE INTERNAL BORDER.

SER. NO. 77-771,838, FILED 6-30-2009.

PAULA MAHONEY, EXAMINING ATTORNEY

**EXHIBIT A PAGE 21**

# EXHIBIT B

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,768,789

Registered Sep. 30, 2003

## SERVICE MARK
### PRINCIPAL REGISTER



CITY OF BEVERLY HILLS, THE (CALIFORNIA CORPORATION)
455 NORTH REXFORD DRIVE
BEVERLY HILLS, CA 902104817

FOR: PROMOTING THE BUSINESS, COMMUNITY, CULTURAL, MUNICIPAL AND CIVIC INTERESTS OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROMOTING TOURISM, BUSINESS, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT, CULTURAL AND ENTERTAINMENT ATTRACTIONS, AND GOVERNMENT SERVICES; AND PROVIDING INFORMATION ON TOURISM, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT AND BUSINESS SERVICES, GOVERNMENT SERVICES AND EMPLOYMENT OPPORTUNITIES, AND LIBRARY SERVICES VIA THE COMPUTER OR COMPUTER NETWORKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-0-1971; IN COMMERCE 11-0-1971.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-374,024, FILED 2-22-2002.

RICHARD A. STRASER, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,766,280

Registered Sep. 23, 2003

## SERVICE MARK
### PRINCIPAL REGISTER



THE CITY OF BEVERLY HILLS (CALIFORNIA CORPORATION)
455 NORTH REXFORD DRIVE
BEVERLY HILLS, CA 902104817

FOR: EDUCATION AND ENTERTAINMENT SERVICES, NAMELY, ORGANIZING AND CONDUCTING COMMUNITY CULTURAL, RECREATIONAL, AND SAFETY-PREPAREDNESS EVENTS; EDUCATIONAL CLASSES AND EVENTS FOR ADULTS AND YOUTHS IN THE FIELDS OF ART, DANCE, MUSIC, FINE ARTS, FOREIGN LANGUAGE, COPING WITH DISABILITIES, ATHLETICS, HOMEMAKING, COMPUTERS, LEISURE ACTIVITIES, PERSONAL DEVELOPMENT, GOVERNMENT, POLITICS, AND SCIENCE; CABLE TELEVISION PROGRAMMING AND BROADCASTING; AND PROVIDING COMMUNITY INFORMATION ABOUT COMMUNITY, CULTURAL, AND CIVIC EVENTS, AND EDUCATION SERVICES, ENTERTAINMENT ATTRACTIONS AND MUNICIPAL REGULATIONS, VIA THE COMPUTER OR COMPUTER NETWORKS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-0-1971; IN COMMERCE 11-0-1971.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-374,083, FILED 2-22-2002.

RICHARD A. STRASER, EXAMINING ATTORNEY

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50**

Reg. No. 3,123,926

## United States Patent and Trademark Office

Registered Aug. 1, 2006

### TRADEMARK
#### PRINCIPAL REGISTER



CITY OF BEVERLY HILLS (CALIFORNIA MU-
NICIPAL CORPORATION)
455 N. REXFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: DIRECTORIES FEATURING LISTS OF
MEMBERS AND REFERENCE INFORMATION;
BOOKS AND PAMPHLETS FEATURING BUSINESS
INFORMATION AND BUSINESS PRACTICES;
PRINTED MATERIALS, NAMELY PAMPHLETS
FEATURING INFORMATION ON RESIDENCES,
SHOPPING, DINING AND PERSONAL CARE SER-
VICES; MAPS, CALENDARS, STATIONERY AND
POSTCARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29,
37, 38 AND 50).

FIRST USE 11-30-1986; IN COMMERCE 11-30-1986.

OWNER OF U.S. REG. NOS. 2,766,280, 2,804,089,
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BEVERLY HILLS", APART FROM
THE MARK AS SHOWN.

SN 76-387,618, FILED 3-23-2002.

TANYA AMOS, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,774,666

Registered Oct. 21, 2003

## SERVICE MARK
### PRINCIPAL REGISTER



THE CITY OF BEVERLY HILLS (CALIFORNIA CORPORATION)
455 NORTH REXFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: PROMOTING THE BUSINESS, COMMUNITY, CULTURAL, MUNICIPAL AND CIVIC INTERESTS OF THE CITY OF BEVERLY HILLS, CALIFORNIA; PROMOTING TOURISM, BUSINESS, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT, CULTURAL AND ENTERTAINMENT ATTRACTIONS, AND GOVERNMENT SERVICES; AND PROVIDING INFORMATION ON TOURISM, RESIDENTIAL AND COMMERCIAL GROWTH, ECONOMIC DEVELOPMENT, BUSINESS SERVICES, GOVERNMENT SERVICES, EMPLOYMENT OPPORTUNITIES, AND LIBRARY SERVICES VIA THE COMPUTER OR COMPUTER NETWORKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-0-1971; IN COMMERCE 11-0-1971.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORD "BEVERLY HILLS" WRITTEN IN YELLOW, ALL-CAPITAL LETTERS ON A BROWN BACKGROUND THAT IS IN THE SHAPE OF A SHIELD. THE SHIELD ITSELF FEATURES A DECORATIVE YELLOW BORDER THAT CREATES TWO SYMMETRICAL SCROLLS AT THE BOTTOM OF THE SHIELD. THE BROADER LEAVES A MARGIN OF BROWN AROUND THE PERIMETER OF THE SHIELD. THE SCROLLWORK SURMOUNTING THE SHIELD IS BLACK. COLOR IS CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 76-374,086, FILED 2-22-2002.

RICHARD A. STRASER, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,186,999**       CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
                            455 N. REXFORD DRIVE, SUITE 220
**Registered Aug. 7, 2012**    BEVERLY HILLS, CA 90210

**Int. Cl.: 3**             FOR: PERFUMES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

                            FIRST USE 1-31-2012; IN COMMERCE 1-31-2012.

**TRADEMARK**
                            OWNER OF U.S. REG. NOS. 2,766,280, 2,774,666, AND OTHERS.
**PRINCIPAL REGISTER**
                            NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART
                            FROM THE MARK AS SHOWN.

                            THE MARK CONSISTS OF A SHIELD WITH THE WORDS "BEVERLY HILLS" WITHIN.

                            SN 77-440,601, FILED 4-4-2008.

                            BRENDAN MCCAULEY, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

**EXHIBIT B PAGE 27**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,187,000**

**Registered Aug. 7, 2012**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

CITY OF BEVERLY HILLS (CALIFORNIA MUNICIPAL CORPORATION)
455 N. REXFORD DRIVE, SUITE 220
BEVERLY HILLS, CA 90210

FOR: PERFUMES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-31-2012; IN COMMERCE 1-31-2012.

OWNER OF U.S. REG. NOS. 2,766,280, 2,774,666, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEVERLY HILLS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A SHIELD WITH THE WORDS "BEVERLY HILLS" WITHIN.

SN 77-440,612, FILED 4-4-2008.

BRENDAN MCCAULEY, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

**EXHIBIT B PAGE 28**

# EXHIBIT C

**EXHIBIT C PAGE 29**